# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Pablito Vega,                                    Case No. 24-cv-3784 (JWB/JFD)

        Plaintiff,

v.                                               **ORDER**

DEED Unknown & Partially Known
Respondents via their Individual Capacities,
et al.,

        Defendants.

---

This matter is before the Court on Plaintiff Pablito Vega's Motion to Order the U.S. Marshal to Serve Defendants with the Summons and Complaint (Dkt. No. 2). The fifteen Defendants named in the Complaint are Minnesota Department of Employment and Economic Development ("DEED") employees or officials, all of whom are sued only in their individual capacities. (Compl. at 1, Dkt. No. 1.) Mr. Vega alleges that Defendants violated his due process rights, pursuant to 42 U.S.C. § 1983, by denying him pandemic unemployment assistance benefits and rescheduling a hearing. Mr. Vega paid the full filing fee when he filed the Complaint and therefore is not entitled to service by the United States Marshals Service.

Under Federal Rule of Civil Procedure 4(c)(1), a "plaintiff is responsible for having the summons and complaint served." However, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). According to District of

Minnesota Local Rule 4.1, "[t]he United States Marshals Service is not required to serve civil process for litigants, except as required by the Federal Rules of Civil Procedure or by federal law, or as ordered by the court for good cause."

Having considered Mr. Vega's motion, the Court does not find good cause to appoint the United States Marshals Service to serve Defendants. First, Mr. Vega has not attempted to serve Defendants himself or to obtain a waiver of service. Under Federal Rule of Civil Procedure 4(d)(1), an individual who is "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." There is no indication that Mr. Vega notified Defendants of this action and asked them to waive service. Second, Mr. Vega has sued the Minnesota DEED Commissioner twice before in this Court—based on the same or similar allegations—and requested and obtained waivers of service himself. *See Vega v. Grove*, No. 23-cv-2135 (NEB/JFD) (D. Minn. filed July 14, 2023); *Vega v. Minnesota DEED Commissioner*, No. 23-cv-124 (PJS/ECW) (D. Minn. filed Jan. 17, 2023).[1] Mr. Vega has not shown that service in this case should be handled any differently.

---

[1] In *Vega v. Minnesota DEED Commissioner*, the court dismissed Mr. Vega's complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. No. 23-cv-124 (PJS/ECW), slip op. at 4 (D. Minn. July 7, 2023). Mr. Vega had brought only an official-capacity claim against a state official, which was barred by the Eleventh Amendment. *Id.* In *Vega v. Grove*, the court dismissed Mr. Vega's individual-capacity claims against a current and former DEED Commissioner because his claims were barred by the doctrine of res judicata and because he failed to state a claim on which relief could be granted. No. 23-cv-2135 (NEB/JFD), slip op. at 4, 5–6  (D. Minn. Jan. 5, 2024). Issues such as res judicata and plausibility are not before the Court at this time, however, and so the Court includes the disposition of these cases only for background.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Pablito Vega's Motion to Order the U.S. Marshal to Serve Defendants with the Summons and Complaint (Dkt. No. 2) is **DENIED**.

Date: October 7, 2024                    /s/ John F. Docherty
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge